UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE CITY OF DETROIT,                                    Bankr. No. 13-53846
                                                         Chapter 9
        Debtor.                                          HON. THOMAS J. TUCKER
_____/

MICHAEL MCKAY,

        Appellant,                                       Civil Action No. 16-CV-12407

vs.                                                      HON. BERNARD A. FRIEDMAN

CITY OF DETROIT,

        Appellee.
_____/

## OPINION AND ORDER AFFIRMING THE DECISION OF THE BANKRUPTCY COURT

This matter is before the Court on an appeal of the bankruptcy court's denial of appellant's motion to consider his claim a § 1983 claim [docket entry 1]. The issue is fully briefed.

The instant case began in 2012 when appellant, under 42 U.S.C. § 1983, filed in state court a complaint against Detroit Police officers Watkins, Person, and Clark in their individual capacities. In May 2013, the parties agreed to resolve his action through binding arbitration; the arbitration panel returned a $42,500 award in favor of appellant. In July 2013, appellee filed for Chapter 9 bankruptcy.

Appellant then filed a claim in the bankruptcy proceedings in an effort to collect the arbitration award. Because the status of § 1983 claims during the bankruptcy proceedings was uncertain, rather than risk an unfavorable final bankruptcy plan, many claimants, including appellant, entered into settlement agreements that amended their claims.

Appellant's settlement agreement, signed in June 2014, contains three paragraphs relevant to this appeal: paragraphs 2, 5, and 8:

Paragraph 2 states: "The Filed Claim[s] is deemed amended, modified and allowed as a general unsecured, nonpriority claim (any such claim, a 'Settled Claim') in the corresponding amount set forth in the table below under the heading 'Settled Claim Amount.'" In other words, appellant amended and modified his § 1983 claim to be a general unsecured, nonpriority claim.  To illustrate the settlement agreement, this image appeared below Paragraph 2:

| Claimant | Filed Claim Number | Filed Claim Amount | Filed Claim Priority | Settled Claim Amount | Settled Claim Priority |
|---|---|---|---|---|---|
| Michael McKay | 1573 | $42,500.00 | General unsecured, nonpriority | $42,500.00 *1983* | General unsecured, nonpriority |

Paragraph 5 states: "The Parties agree that any Settled Claim is a general unsecured, nonpriority claim, subject to the treatment provided for such claims under any chapter 9 plan for the adjustment of debts confirmed by the Bankruptcy Court."  Paragraph 5 reiterates that the settled claim is a general unsecured, nonpriority claim and that it will be handled with the larger class of like claims.  According to the later-confirmed final plan, all general unsecured, nonpriority claims are Class 14 claims.

Paragraph 8 states:

As to the Filed Claims and Settled Claims described herein, the Claimant releases the City from any and all liability, actions, damages and claims (including claims for attorney fees, expert fees or court costs), known and unknown, arising or accruing at any

2

time prior to and after the date of this Agreement, that the
Claimant has or may have against the City.

The word "City" includes all servants, agents, and employees of appellee. Here, appellant

releases appellee from "any and all liability, actions," or claims, including known claims arising

prior to the settlement agreement.

In November 2014, Bankruptcy Judge Steven Rhodes confirmed appellee's

bankruptcy plan. He specifically exempted from the plan all § 1983 claims against individual

officers. In March 2016, appellant obtained from Wayne County Circuit Court an order

confirming the May 2013 arbitration award.

In May 2016, appellant filed a motion with the bankruptcy court, arguing that his

§ 1983 claim against appellee was unaltered by the settlement agreement and was not a Class 14

claim. The significance of the claim's category is that the Class 14 recovery rate is 13% while §

1983 claims against officers in their individual capacities are paid in full. November 2014 Oral

Op. of Bankr. Judge Steven Rhodes, p. 29.

Appellee responds that the settlement agreement indisputably changed the § 1983

claim to a general unsecured, nonpriority claim. Therefore, appellee argues, appellant's claim

can only be treated as a Class 14 claim. On June 16, 2016, the bankruptcy court held a hearing

and found for appellee, reasoning that the settlement agreement's plain language converted the §

1983 claim, leaving only a Class 14 general unsecured, nonpriority claim. June 2016 Oral Op.,

p. 25.

Notably, appellant acknowledged during this hearing that the settlement

agreement included and resolved all of his claims against appellee and the individual officers.

Appellant also admitted that *he* could not properly assert an indemnification claim against

appellee on behalf of the individual officers, but that they would have to bring such an action.

This issue in this appeal boils down to this: Does the settlement agreement, which appellant admits is controlling, leave appellant anything besides a Class 14—i.e., a general unsecured, nonpriority—claim?

Appellant first argues that, under the settlement agreement, his claim is a § 1983 claim, not a Class 14 claim. As proof that the parties intended to maintain the claim as a § 1983 claim, appellant points specifically to the handwritten notation "1983," which appears below Paragraph 2. He also asserts that the settlement agreement stated merely that the claim would be subject to the confirmed plan and therefore failed to change the "character" of his claim. Thus, he argues, because the confirmed plan did not touch § 1983 claims against officers in their individual capacities, his claim should be viewed as a § 1983 claim.

The Court reviews "the bankruptcy court's legal conclusions de novo." *In re Batie*, 995 F.2d 85, 88 (6th Cir. 1993). "Interpretations of contracts, such as a settlement agreement," are also reviewed de novo. *Middlebelt Plymouth Venture, LLC v. Moe's Sw. Grill, LLC*, 424 F. App'x 541, 543 (6th Cir. 2011). And "the rules of contract interpretation govern settlement agreements." *In re Am. Plastics Corp.*, 102 B.R. 609, 611 (Bankr. W.D. Mich. 1989) (citing *Hageman v. Signal L.P. Gas Inc.*, 486 F.2d 479, 487 (6th Cir. 1973)).

First, the Court will not consider appellant's argument regarding the notation under Paragraph 2. As appellee notes, appellant's notation argument was not raised in the bankruptcy court. Ordinarily, when reviewing a bankruptcy court's decision a district court, which acts as an "appellate court, does not give consideration to issues not raised below." *In re Mayer*, 451 B.R. 702, 708 (E.D. Mich. 2011) (quoting *Hormel v. Helvering*, 312 U.S. 552, 556 (1941)).

Second, the Court disagrees with appellant's argument that the "character" of his claim is unchanged by the settlement agreement. The Court assumes that the word character refers to the proper class for appellant's claim. Thus, when appellant argues that his claim's character remains unaffected by the settlement agreement, the Court takes this to mean that because his original claim was a § 1983 claim, his current claim should also be a § 1983 claim.

However, this cannot be. The very purpose of this settlement agreement was to change the character of the claim, which is what the language "amended, modified" does. As appellee notes in its brief, during the Chapter 9 litigation, the fate of § 1983 claims was uncertain. The settlement agreement's purpose was to eliminate this uncertainty. Its plain language shows that appellant reduced risk by converting his § 1983 claim into a general unsecured, nonpriority claim. Alternatively, if by the word "character" appellant simply means that the violation of rights giving rise to appellee's liability was a § 1983 violation, he is right. But again, appellant chose to contract away his § 1983 claim in exchange for a general unsecured, nonpriority bankruptcy claim.

Further, if the Court were to agree with appellant, it would make the settlement agreement meaningless. Appellant argues that the settlement agreement says only that the parties would abide by the bankruptcy court's decision. But, as a matter of law, the parties had to do so irrespective of any settlement agreement. The contract, then, viewed through appellant's lens, merely formally acknowledges that the confirmed plan governs the claim, which is a legal reality unalterable by any private agreement. In other words, if the settlement agreement was what appellant asserts, then it would bind the parties to nothing, and this is no contract.

Appellant argues, second, that the instant case is really an indemnification claim. But, given that the Court has already held that the settlement agreement eliminates appellant's § 1983 claim against officers in their individual capacities, there is no liability to indemnify. Further appellant has conceded that he cannot seek indemnification on the officers' behalf. Finally, by its plain language Paragraph 8 releases appellee from all future liability relating to the § 1983 claim (apart from the Class 14 claim).  Because appellant's original § 1983 claim was against appellee's officers in their individual capacities, and not appellee, the only liability appellee could have faced—and, by extension, protected itself against—was indemnification.

Accordingly,


IT IS ORDERED that the judgment of the bankruptcy court is affirmed.



_s/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  February 24, 2017
            Detroit, Michigan